COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Overton


LUCILLE ST. CLAIR

MEMORANDUM OPINION[*]

v. Record No. 2983-95-1 PER CURIAM
JUNE 25, 1996

BROWNING-FERRIS INDUSTRIES, INC.


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(William E. Baggs, on briefs), for appellant.

(Clair C. Carr; Kalbaugh, Pfund &
Messersmith, on brief), for appellee.


Lucille St. Clair ("claimant") contends that the Workers' Compensation Commission erred in finding that she failed to prove that she sustained an injury by accident arising out of and in the course of her employment on April 22, 1994. Specifically, claimant argues that the commission erred in finding that she failed to prove she sustained a sudden mechanical change in her body as a result of the work-related incident. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry [her] burden of proving an 'injury by accident' a

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

claimant must prove that the <u>cause</u> of [her] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission found that claimant, who suffered from pre-existing cervical disc disease, proved she sustained an increase in her symptoms after the April 22, 1994 work-related incident. However, the commission held that, due to the "absence of a sudden mechanical change," claimant failed to carry her burden of proof. In so ruling, the commission found as follows:

> [T]he record establishes that the claimant had a preexisting disc herniation at C4-C5. There is no evidence before us to indicate that this herniation increased or impinged on a spinal nerve root as a result of the incident of April 22, 1994. The medical record also reflects that the claimant was diagnosed in July 1994 with a ruptured disc at C5-C6. There is no documentation of a disc herniation at this level prior to April 22, 1994. However, Dr. [Isabelle L.] Richmond, the only physician who directly addressed the issue of causation as to this disc herniation, opined that "her alleged injury [on April 22, 1994] . . . in and of itself would not be expected to produce significant multi-level disk herniations de novo. . . ." Dr. [James D.] Dillon opined that: "I cannot prove or disprove that her work-related incident caused the rupture of the discs in her neck. . . ." He did indicate that the incident of April 22, 1994, increased the claimant's symptoms.

2

The medical records and opinions of Drs. Richmond and Dillon support the commission's decision.  Accordingly, we cannot find as a matter of law that claimant met her burden of proving a sudden mechanical change in her body occurred as a result of the April 22, 1994 work-related incident.  Therefore, we affirm the commission's decision finding that claimant failed to prove she sustained an injury by accident arising out of and in the course of her employment on April 22, 1994.

                                        <u>Affirmed.</u>